IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMMANUEL CHARLET, :
:
    Petitioner :
: CIVIL NO. 1:11-CV-2134
:
    v. : Hon. John E. Jones III
:
:
ERIC HOLDER, *et al.*, :
:
    Respondents :

## **MEMORANDUM**

December 20, 2011

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On November 15, 2011, Petitioner Emmanuel Charlet ("Petitioner" or "Charlet"), who at that time was a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, and was being held at the York County Prison in York, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241.  (Doc. 1.)  He challenged his continued detention by ICE pending his removal from the United States to Haiti and requested "immediate release under reasonable conditions of supervision or, in the alternative, a hearing before an impartial adjudicator, at which Respondents bear the burden of establishing that his continued detention is justified."  (*Id.* at 1-2.)

By Order dated November 28, 2011, we directed service of the Petition on Respondents and directed the filing of an answer within twenty-one (21) days. (Doc. 5.) Presently before the Court is a Motion to Dismiss the Petition under the provisions of Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which has been filed on behalf of Respondents. (Doc. 13.) Respondents assert that the Petition has been rendered moot in light of Charlet's removal from the United States, and thus the dismissal of the Petition for lack of subject matter jurisdiction is appropriate. (*Id.*; Doc. 14, Resp.'t's Br.) Attached to Respondents' brief is the Declaration of Kent J. Frederick, Chief Counsel for the Philadelphia ICE Office, verifying that Charlet was removed from the United States to Haiti on December 13, 2011 as confirmed by the Enforce Alien Removal Module (EARM) System. (Doc. 14-1, Frederick Decl.)

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,*

494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Lane v. Williams,* 455 U.S. 624, 631 (1982).  In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. *Burke v. Gonzales*, 143 Fed. Appx. 474 (3d Cir. 2005); *Gopaul v. McElroy*, 115 Fed. Appx. 530 (3d Cir. 2004).  Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot.  *See Lindaastuty v. Attorney General*, 186 Fed. Appx. 294 (3d Cir. 2006).

In the instant case, because Charlet has been removed from the United States and no longer is in ICE custody, his requests for release from ICE custody pending the completion of removal proceedings, and alternatively, for a hearing before an impartial adjudicator, are entirely moot, and the dismissal of his Petition for lack of subject matter jurisdiction is appropriate. Accordingly, we shall grant Respondents' Motion to Dismiss. An appropriate Order will enter.